# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>APPROXIMATELY $8,900.00 IN U.S. CURRENCY,<br><br>               Defendant. | 1:07-cv-01286 OWW GSA<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT<br>(Document 22) |

## **INTRODUCTION**

In this civil forfeiture action, plaintiff United States of America ("Government") seeks:

1. Default judgment against the interests of San Sok Vinnie Prom, Venthy Map Chan and Paul Thov in approximately $8,900.00 in U.S. Currency ("defendant currency"); and,

2. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency.

No timely papers were filed to oppose the Government's application for default and final forfeiture judgment. This Court considered the Government's default and final forfeiture judgment motion on the record and without oral argument on the now vacated March 21, 2008

1

hearing, pursuant to this Court's Local Rule 78-230(c)[1] and (h).  For the reasons discussed below, this Court RECOMMENDS to:

1. GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency; and

2. ORDER the Government, within 10 days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## BACKGROUND[2]

### Seizure of Defendant Currency

On or about January 4, 2007, at approximately 3:00 a.m., Christa Joy Khamphoune was the victim of a home invasion/robbery at her residence located in Fresno, California.  The home had been ransacked and the front door had been forced open.  The robbers were identified as masked Asian males that spoke Laotian.  Fresno County Sheriff's Department deputies and detectives responded.  When the deputies arrived, Ms. Khamphoune, Sovann Keo, Chonny Keo and Victor Gonzalez were present at the residence.  Venthy Chan and San Sok Vinnie Prom arrived later at the residence.

A deputy obtained Sovann Keo's consent to search his Blue Toyota Tundra Pickup.  During the search, two bags of marijuana with a combined weight of approximately 1,392.5 gross grams were located inside the pickup.  Sovann Keo denied moving anything into his truck.

A deputy questioned Mr. Keo's son, Chonny Keo ("Chonny"), about the marijuana located in the Toyota pickup. Chonny stated that he was asleep at his father's residence when his father received a telephone call from a friend asking that he go to his house and check on his girlfriend who had just been robbed.  Chonny said that he, his father, and Victor Gonzalez got into his father's truck and drove to the Jefferson residence.  Chonny also said that they arrived

---

[1] Pursuant to this Court's Local Rule 78-230(c), no opposing party is entitled to oral argument in the absence of timely filed opposition papers.

[2] The below factual recitation is based on the Government's papers and record before this Court.

about ten to fifteen minutes before the deputies.  When asked if he removed anything from the residence and put it into the truck, Chonny said no.  A deputy told Chonny that marijuana was found in his father's truck and Chonny was asked where the marijuana came from.  Chonny changed his story, stating that someone had called his father's cell phone, Chonny answered and Chonny was told to put a white bag in the truck, which he did.

      Venthy Chan arrived at the residence in a white Toyota Land Cruiser, which was being driven by San Sok Vinnie Prom ("Prom").  While being interviewed, Prom denied that there were drugs or anything illegal in the vehicle.  Prom gave his consent for a narcotics sniff on the Land Cruiser.  A narcotic detecting canine alerted to the center console area of the Land Cruiser where approximately $8,900.00 in U.S. Currency was located in the following denominations: 100 x $20.00 and 69 x $100.00.  Prom again was questioned.  Prom at first denied ownership of anything in the vehicle and then stated the defendant currency belonged to him.  Prom gave differing stories about the money, including that he won a bet with a friend, who placed a bet on the USC/Michigan "Rose Bowl" game and won $7,000.00.  Prom also indicated he won a three-game parlay bet, but did not know the other two games that were bet on.  Prom then changed his statement, asserting he also bet the over/under on the Rose Bowl game.  He did not know the total score of the game.

      A detective checked an outbuilding behind the residence and located remnants of marijuana, a digital scale and a large currency counting machine.  Venthy Chan ("Chan") was interviewed and stated that the house belonged to his girlfriend.  Chan indicated that he did not go into the back building and denied any knowledge about the marijuana or cash counting machine.  He also denied knowing anything about the defendant currency.  Chan was arrested on an outstanding warrant for failure to pay child support.

      On or about September 27, 2007, a grand jury in the Eastern District of California indicted Prom, Chan, Paul Thov and others with violations of 21 U.S.C. §§ 841(a)(1) and 846 - Conspiracy to Manufacture Marijuana; 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 - Possession of Marijuana With Intent to Distribute, and Aiding and Abetting; 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 - Cultivation of Marijuana, and Aiding and Abetting, among other related charges.

### The Government's Claims

On September 5, 2007, the Government filed its verified complaint for forfeiture in rem ("complaint") in this action to claim that the defendant currency is subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) in that the defendant currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.* (Doc. 1). On September 10, 2007, this Court issued a warrant for arrest in rem ("arrest warrant") for the defendant currency. (Doc. 4). The arrest warrant was executed on October 1, 2007. (Docs. 6 and 7).

### Notice Of Forfeiture Action

The Court issued its September 21, 2007 order for publication ("publication order") for the Government to provide public notice of this action and arrest of the defendant currency by publication in The Business Journal. (Doc. 5). Such notice appeared in The Business Journal on October 12, 2007, and the Government filed proof of such publication on November 15, 2007. (Doc. 11).

On October 3, 2007, the Government personally served Prom and Chan at the Fresno County Jail with copies of the verified complaint, arrest warrant, publication order and other papers related to this action. (Doc. 9).

On October 11, 2007, the Government served Paul Thov ("Thov") with copies of the complaint, arrest warrant, application for publication and other papers related to this action by leaving such papers at his address after two attempts to personally serve him. (Doc. 10). Thereafter, on October 17, 2007, copies these papers were sent to Thov at his residence by first-class mail and certified mail receipt. On December 28, 2007, the Government served Thov personally at the Fresno County Jail. (Doc. 19).

### Default Entries

At the Government's request, this Court's clerk entered defaults in this action as to Prom, Chan and Thov on December 11, 2007. (Docs. 15, 16 and 17). Following personal service of Thov at the county jail in late December 2007, the Government submitted an amended request

for entry of default against Thov. At the Government's request, this Court's clerk entered default as to Thov on February 14, 2008. (Doc. 21).

## DISCUSSION

### Complaint's Sufficiency

The Government contends that its complaint's allegations and the facts cited "provide ample grounds" for the defendant currency's forfeiture. A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). The Government argues that circumstantial evidence can support the forfeiture of proceeds of a drug crime and the Government need not show a relationship between the proceeds and a specific drug transaction. In its moving papers, the Government asserts that marijuana and other indicia were found at the same time the defendant currency was seized. A narcotic detecting canine alerted to the defendant currency indicating the currency had been in close proximity to narcotics and "inconsistent and improbable stories" were reported to the seizing officers regarding the source of the currency. Additionally, 1,392.5 grams of marijuana were found in a vehicle, although not the vehicle in which the money was found. Thus, according to the Government, the defendant currency is subject to forfeiture under 21 U.S.C. §881(a)(6) ("All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter").

In the absence of assertion of interests in the defendant currency, this Court is not in a position to question the sufficiency of the Government's claims in this action. Case law confirms the Government's position that circumstantial evidence may support the forfeiture of proceeds of a drug crime and the government need not show a relationship between the proceeds and a specific drug transaction. *See, e.g., U.S. v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 467-470 (7th Cir. 2005) (totality of circumstances, including

narcotic detecting canine's alert to cash and false explanations regarding the source of funds, demonstrated that cash hoard of airline passenger was substantially connected to illegal drug trafficking and properly subject to forfeiture); *U.S. v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (court applied totality of circumstances to determine "more than enough cause" to believe that 40 pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transactions).

### Notice Requirements

The Government contends that it provided required notice for the defendant currency's forfeiture. The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492 (1993).

1.  Notice by Publication

Judicial property forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Generally, Rule G(4)(a)(iii)(A) requires that published notice must appear once a week for three consecutive weeks. However, the rules provide an exception requiring publication only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published in a newspaper of general circulation for three consecutive weeks in the district where the property was seized. Supplemental Rules G(4)(a)(iii)(B) and G(4)(a)(iv). In this case, notice of the administrative forfeiture against the defendant currency was published in the Wall Street Journal by the Drug Enforcement Administration for three weeks on March 26, April 2, and April 9, 2007. (*See* Doc. 5 and Doc. 20-2 [Declaration of Elisa M. Maguire in Support of Amended Request to Clerk for Entry of Default Against Paul Thov, at ¶ 12].) Accordingly, the Government was required to publish notice of the action only once pursuant to the Supplemental Rules. This Court's Local Admiralty and In Rem Rules echo Supplemental Rule G(4)'s notice of forfeiture action by court-ordered publication in a newspaper

of general circulation in the district where the action is filed. *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate newspaper and manner of publication). The Government accomplished such notice with the publication order, publishing notice of this action and the arrest of the defendant currency in The Business Journal on October 12, 2007.

### 2. Personal Notice

When the Government knows of an owner of defendant property, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998) (attached). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice

to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.  Local Rule A-540(a).

Notwithstanding the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements.  *See* Fed.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule.")

Here, the Government personally served Prom, Chan and Thov with the complaint, arrest warrant, publication order and other papers regarding this action.  The Government notes that the defendant currency was seized from Prom and that he was the only claimant requiring personal service; nevertheless, the Government personally served all known potential claimants.  No notice issues arise as to the defendant currency's forfeiture.

**Failure To Answer**

The Government contends that this Court's clerk properly entered defaults against Prom, Chan and Thov.  Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this court within 35 days after the date of service of the Government's complaint or 30 days after final publication of newspaper notice.  Supplemental Rules G(4)(b) and G(5).  Failure to comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action.  *Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Prom and Chan with copies of the complaint, arrest warrant, publication order and other papers related to this action on October 3, 2007.  The Government personally served Thov on December 28, 2007, with copies of the complaint, arrest warrant, publication order and other papers related to this action.  Publication notice was completed on October 12, 2007, and the Government filed proof of such publication notice on November 15, 2007.   More than 30 days have passed since completion of publication notice and more than 35 days have passed since service of the complaint on Prom, Chan and

Thov. This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the Government's complaint and notices.

**<u>Default Judgment</u>**

The Government seeks judgment against the interests of Prom, Chan and Thov and final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Federal Rule of Civil Procedure 55(a) governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

As noted above, the Government properly obtained default entries against the interests of Prom, Chan and Thov. There is no impediment to default judgment sought by the Government as to them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the defaults, a final forfeiture judgment is in order for the Government.

**RECOMMENDATIONS AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT plaintiff United States of America default judgment against the interests of San Sok Vinne Prom, Venthy Map Chan and Paul Thov in the defendant currency;

2. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the defendant currency; and

3. ORDER plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 24, 2008**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE